IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KAYLA JOHNSON | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | _____ |
| CAROLINA SOUTHERN TRUCKING, INC, JAMES PAUL WADDY AND BEATRIZ FLORES | § § § § | |
| Defendants | § § | |

## DEFENDANT'S CAROLINA SOUTHERN TRUCKING, INC. NOTICE OF REMOVAL AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Carolina Southern Trucking, Inc., Defendant in the above-styled and numbered cause (hereinafter "Defendant"), and file this its Notice of Removal and Jury Demand. In support thereof, Defendant would respectfully show the Court as follows:

### I.     Introduction

1.1     Plaintiff filed her state court action against Carolina Southern Trucking, Inc., James Paul Waddy, and Beatriz Flores in Jefferson County, Texas on March 26, 2015.[1] The case was docketed as Cause No. 196882; Kayla Johnson v. Carolina Southern Trucking, Inc. James Paul; The In the 58th Judicial District Court of Jefferson County, Texas. Plaintiff's claims against Carolina Southern Trucking, Inc. and James Paul Waddy sound in negligence and gross negligence. This claim relates to personal injuries allegedly sustained by Kayla Johnson as the result of a motor vehicle accident which occurred on Interstate Highway 10 in Beaumont, Texas. Plaintiff alleges that on February 27, 2015, Plaintiff was traveling eastbound in the 3900 block of Interstate Highway 10 in

---

[1] See Plaintiff's Original Petition, a copy of which is attached as Exhibit C-1.

Beaumont, Jefferson County, Texas. Plaintiff alleges that Defendant, James Paul Waddy, was traveling a short distance behind Plaintiff. Plaintiff slowed for congested traffic. Defendant failed to control his speed and struck Plaintiff's vehicle from behind.[2]

1.2 Plaintiff also alleges that Defendant, Beatriz Flores, was traveling northbound ahead of Plaintiff in the 1000 block of Interstate Highway 10 South. Plaintiff alleges that Beatriz Flores failed to control her speed, striking the rear of a 2008 Ford F250 causing a significant traffic hazard to oncoming motorists which led to Plaintiff's vehicle being struck by Defendant, James Paul Waddy.[3]

1.3 On April 20, 2015, Carolina Southern Trucking received a copy of Plaintiff's Original Petition and citation.[4]

1.4 Plaintiff made a jury demand in her Original Petition and First Amended Petition.

1.5 On May 8, 2015, Carolina Southern Trucking, Inc. and James Paul Waddy filed their Original Answer in the State Court Action, and demanded a jury trial.[5]

1.6 Defendant's Notice of Removal is timely as it is filed within thirty days of when it was first ascertainable that Defendant, Beatriz Flores, had been fraudulently joined and this case could be removed based upon diversity jurisdiction.[6]

1.7 One of Plaintiff's bases for defeating diversity jurisdiction is her addition of Beatriz Flores as a Defendant. Beatriz Flores was the driver of the car in the First Accident, and was not involved in the accident in question. As a matter of law, Beatriz Flores' connection

---

[2] *See* Plaintiff's First Amended Petition ¶ IV, attached hereto as Exhibit C-2.

[3] *Id.* at ¶ X.

[4] See Exhibit C-3.

[5] *See* Carolina Southern Trucking, Inc. Original Answer, attached hereto as Exhibit C-5; *see* James Paul Waddy's Original Answer, attached hereto as Exhibit C-6.

[6] *See* 28 U.S.C. 1446(b)(3); *see also McCrary v. Kan. City S. RR.,* 121 F. Supp.2d 566, 570 (E.D. Tex. 2000) ("[T]he removal period does not begin to run until the out of state defendant actually is served and not when the Secretary of State receives the process."); *see also Monterey Mushrooms, Inc. v. Hall,* 14. F. Supp.2d 988, 991 (S.D. Tex. 1998) (when service is effected on a statutory agent, the removal period begins when the defendant actually receives the process, not when the statutory agent receives process.").

to the accident in question is too remote to establish liability. Therefore, Beatriz Flores should be disregarded from the removal analysis.

1.8 The one year deadline on removal under 28 U.S.C. 1446(c) has not elapsed.

1.9 Carolina Southern Trucking, Inc. now timely removes this suit. Defendant James Paul Waddy has consented to this removal.[7] Consent for removal by Beatriz Flores is not required. While all properly served co-defendants must consent to the removal of a case, when improper joinder has been alleged, "application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in these cases is based on the contention that no other proper defendant exists."[8] Thus, because Defendants allege fraudulent joinder, Flores is not required to consent in this removal.

1.10 In her Original and First Amended Petitions, Plaintiff also named Beatriz Flores ("Flores") as a Defendant. Flores has not yet appeared in this case.

## II. The Parties

2.1 Plaintiff, Kayla Johnson, is a citizen of Texas.

2.2 Defendant, Carolina Southern Trucking, Inc., is a North Carolina Corporation with its principal place of business in North Carolina.[9]

2.3 Defendant, James Paul Waddy, is domiciled at 11021 Randleman Road, Apt. # 25, Randleman, North Carolina 27317, and as such is a North Carolina citizen.[10]

2.4 Defendant, Beatriz Flores, is domiciled at 22218 Oakhill Gate Drive, Spring, Texas 77373, and as such is Texas citizen. Flores has not been served with process at this time.[11]

---

[7] *See* James Paul Waddy's Notice of Consent to Removal, attached hereto as Exhibit K.

[8] *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

[9] *See* Affidavit of Teresa Wrape, attached hereto as Exhibit D.

[10] *See* Affidavit of James Paul Waddy, attached hereto as Exhibit E.

[11] *See* Exhibit C-2 ¶ 2.

### III. Diversity Jurisdiction

3.1 Pursuant to 28 U.S.C § 1441, Defendant removes this action to the United States Eastern District Court-Beaumont Division. In support of this Notice, Defendant shows that there is complete diversity of citizenship between the Plaintiff and the only properly named Defendants-Carolina Southern Trucking Company and James Paul Waddy-because Plaintiff and the Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00. Removal is appropriate because it has been sought within 30 days of Defendant first ascertaining that Beatriz Flores was improperly joined in this suit, and it has been less than one year since this action was originally commenced.[12]

#### A. Diversity of Citizenship

3.2 Diversity jurisdiction depends upon a showing of complete diversity, which means that none of the plaintiffs may be a citizen of the same state as one of the defendants.[13] As of the date of filing of this action, and at all times thereafter, up to and including the present, Plaintiff Kayla Johnson was a resident of the State of Texas.[14] Carolina Southern Trucking, Inc. is a corporation duly organized under the laws of North Carolina with its principal place of business in North Carolina.[15] James Paul Waddy is a citizen of North Carolina.[16]

---

[12] *See* 28 U.S.C. § 1446(b); *see also McCrary v. Kan. City S. RR.*, 121 F. Supp.2d 566, 570 (E.D. Tex. 2000) ("[T]he removal period does not begin to run until the out of state defendant actually is served and not when the Secretary of State receives the process."); *see also Monterey Mushrooms, Inc. v. Hall*, 14. F. Supp.2d 988, 991 (S.D. Tex. 1998) (when service is effected on a statutory agent, the removal period begins when the defendant actually receives the process, not when the statutory agent receives process.").

[13] *See Whalen v. Carter*, 954 F.2d 1087, 1974 (5th Cir. 1992).

[14] *See* Exhibit C-1; C-2.

[15] *See* Affidavit of Teresa Wrape, attached hereto as Exhibit D.

[16] *See* Affidavit of James Paul Waddy, attached hereto as Exhibit E.

3.3 As set forth in detail below, the only other named defendant in this lawsuit has been improperly joined in an attempt to defeat this Court's diversity jurisdiction. The First Accident in which Defendant Beatriz Flores was involved is so remote from the incident made the basis of this lawsuit that there can be no proximate causation as a matter of law. Therefore, because there is no possibility of recovery against the instate defendant, the citizenship of Defendant Beatriz Flores is irrelevant in determining the propriety of removal. Accordingly, complete diversity of citizenship exists between Plaintiff and the remaining defendants, Carolina Southern Trucking, Inc. and James Paul Waddy.

### i. Standard of Review in Improper Joinder Cases

3.4 To establish improper joinder,[17] the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[18] Under the second prong, the standard is whether the defendant has demonstrated that there is *no reasonable basis* to predict that the plaintiff might be able to recover against the in-state defendant. "[A] removing defendant [need not demonstrate an absence of *any possibility* of recovery in state court]...the defendant must demonstrate only that there is *no reasonable basis* for predicting that the plaintiff will recover in state court."[19] A "mere

---

[17] The Fifth Circuit has adopted "improper joinder" as the more appropriate term for the concept formerly referred to as "fraudulent joinder." *Smallwood v. Illinois Cent. Rail. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004)(*en banc*). Although the terms substantively carry the same meaning, improper joinder is more consistent with the statutory language and is thus preferred. *Id.*

[18] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

[19] *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004)(emphasis in original).

theoretical possibility of recovery under local law" will not preclude a finding of improper joinder.[20]

3.5     In determining whether Plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is limited to the causes of action and allegations asserted in the complaint.[21] The removing party may not rely on causes of action or new theories of recovery not alleged in the latest petition that was on file in the state court when the case was removed.[22]

### ii.     Procedure for Determining a "Reasonable Basis" for Recovery

3.6     The Fifth Circuit has outlined two methods available to the district court in deciding a motion to remand based on improper joinder: (1) the court may conduct a Rule 12(b)(6)-type analysis looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against an in-state defendant; or (2) after examining the pleadings, the court may determine it is appropriate to pierce the pleadings and conduct a summary inquiry.[23] Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

### iii.    Factual Allegations are Necessary Under a 12(b)(6)-Type Inquiry

3.7     In *Rios v. City of Del Rio*, the Fifth Circuit reiterated the proper standard for evaluating Rule 12(b)(6) motions.[24] According to *Rios*, the pleadings must contain either *direct allegations on every material point* necessary to sustain a recovery or else *contain*

---

[20] *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000); *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003).

[21] *Rubin v. Daimlerchrysler Corp.*, Civ. Action No. H-04-4021, 2005 U.S. Dist. LEXIS 42102 at *5 (S.D. Tex. May 20, 2005).

[22] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999); *Alonso ex. Rel. Estate of Cagle v. Maytag Corp.*, 356 F.Supp.2d 757, 761 (S.D. Tex. 2005)(noting that although a court may consider post-removal evidence, it may not consider new theories or causes of action).

[23] *Smallwood*, 385 F.3d at 573-74.

[24] *Rios v. City of Del Rio*, 444 F.3d 417, 420-21 (5th Cir. 2006).

*allegations* from which an inference fairly may be drawn that sufficient evidence will be introduced at trial.[25] Conclusory allegations or legal allegations masquerading as factual conclusions will not suffice.[26] The court is not required to conjure up un-pled allegations or construe elaborately arcane scripts to save a complaint.[27] Thus, the Fifth Circuit has consistently held that conclusory allegations and unwarranted deductions of fact are not admitted as true for purposes of ruling on a 12(b)(6) motion.[28]

3.8     In addition to the Fifth Circuit's decisions in *Smallwood* and its progeny, other federal courts have described the standard of determining improper joinder as: (1) not pleading a factual basis for an element of the plaintiff's claim against the non-diverse defendant; (2) pleading only a legally insufficient factual basis for an element of the claim against the non-diverse defendant; and (3) pleading the "status" of the non-diverse defendant when in fact the non-diverse defendant lacks such "status."[29]

    **iv.     Defendant Beatriz Flores Cannot Be Found Liable for Plaintiff's Injuries**

        **a. Piercing the pleadings is appropriate to identify undisputed jurisdictional facts**

---

[25] *Id.* (emphasis added).

[26] *Id.* at 421 (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

[27] *Id.* (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

[28] *See U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid dismissal for failure to state a claim, however, a *plaintiff must plead specific* facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact.")(emphasis added).

[29] *See e.g., Wells' Diary, Inc. v. American Indus. Refrigeration, Inc.*, 157 F. Supp.2d 1018, 1036-37 (N.D. Iowa 2001); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001)(because plaintiffs negligent misrepresentation claim against the non-diverse plaintiff was based on representations that were not "material" or sufficiently specific to constitute more than "puffing," and thus representations were not actionable as a matter of law and, moreover, that failing in the pleadings was obvious under state law, the non-diverse defendant was "fraudulently joined").

3.9  A summary inquiry is appropriate where the face of the pleadings appears to support joinder, but certain jurisdictional facts are misstated or omitted.[30] In such cases, the court has the discretion to pierce the pleadings and conduct a summary inquiry in order "to identify the presence of discrete and undisputed facts that would preclude plaintiffs recovery against the in-state defendant."[31]

3.10  The removing party may submit evidence outside the pleadings in order to establish that a plaintiff has no reasonable basis to expect recovery from the resident defendant.[32] Thus, a defendant may submit affidavits and deposition transcripts in support of its removal petition.[33] As recently as 2009, both the Fifth Circuit and the Southern District of Texas affirmed that a district court may consider summary judgment-type evidence to identify "discrete facts" that would show that a defendant was improperly joined.[34]

### b. Defendant Beatriz Flores was not the proximate cause of the accident.

3.11  In order for Flores to be liable for Plaintiff's damages, Plaintiff will have to show that Flores' alleged negligent actions were the proximate cause of Plaintiff injuries. Plaintiff will be unable to make that showing. Plaintiff's chain of logic is as follows: (1) Flores negligence caused the first accident; (2) the Flores' accident caused a significant traffic hazard to oncoming motorist; (3) the traffic hazard led to Plaintiff's vehicle being struck by Defendant, James Paul Waddy.

---

[30] *Smallwood*, 385 F.3d at 573-74.

[31] *Id.* at 573-574; *see also B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. 1981) (evidentiary hearing appropriate where removing party contends plaintiffs pleadings contain misrepresentations of jurisdictional fact).

[32] *Badon v. RJR Nabisco, Inc.*, 224 F.3d at 390.

[33] *B., Inc. v. Miller Brewing Co.*, 663 F.2 at 549; *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

[34] *Anderson v. Georgia Gulf Lade Charles, LLC*, 342 Fed. Appx. 911, 915-916 (5th Cir. 2009) *Smith v. Robin America, Inc.*, 2009 U.S. Dist. LEXIS 69514 at *7, 9.

3.12 In *Bell v. Campbell*, the Texas Supreme Court considered this argument, and rejected it.[35] *Bell* involved two separate collisions. The first collision caused a trailer to overturn on the highway.[36] A group of bystanders attempted to clear the trailer from the road, and one of them stood at the crest of a hill waiving his flashlight to warn approaching vehicles of the danger.[37] Nevertheless, an approaching car struck the trailer and injured several of the bystanders.[38] The injured bystanders sued the drivers of the vehicles involved in the first accident for negligence.[39] Affirming the ruling of the jury and the court of appeals, the Texas Supreme Court held that plaintiffs' injuries "were not proximately caused by any negligence" of the persons involved in the original accident.[40] Rather, *as a matter of law*, the accident was caused by "an independent and intervening agency," the driver of the final car that struck the trailer.[41] The court emphasized:

> The active and immediate cause of the incident in question, however, was an entirely independent agency ... *All forces involved in or generated by the first collision had come to rest*, and no one was in any real or apparent danger therefrom.[42]

3.12 The accident in the current case is even more removed from the First Accident than in *Bell*. In this case, the accident happened on a major interstate, not a highway road, and more than forty-five minutes elapsed between the First Accident and the accident made the basis of this lawsuit.[43] The first collision occurred at **15:02 in the 1000 block of**

---

[35] *See Bell v. Campbell*, 434 S.W.2d 117 (Tex. 1968).
[36] *Id.* at 119.
[37] *Id.*
[38] *Id.*
[39] *Id.*
[40] *Id.* at 122.
[41] *Id.* at 122-123.
[42] *Id.* at 120 (emphasis added).
[43] See Flores Accident Report, attached hereto as Exhibit F.

9

*Interstate Highway 10 South*.[44] The collision in question occurred at ***15:48 in the 3900 block of Interstate Highway 10 East***.[45] Furthermore, several cars had already successfully slowed down without incident, and the police officers had already arrived to the accident scene.[46]

3.14  Flores could not have foreseen that her striking the Ford F250 would lead to the accident in question over ***forty-five minutes*** later, approximately a half mile to one mile down the road. If the court in *Bell* found that "all forces [from the initial accident] had come to rest," it is even more apparent in the present case that all of the forces from Flores' accident had come to rest when the accident made the basis of this lawsuit occurred. Unquestionably, the actions of Beatriz Flores were not a proximate cause of the accident in question.

3.15  The *Bell* court also addressed the question of causation. The court agreed with the plaintiffs that no injuries would have occurred "but for" the negligence that caused the first accident "which created the condition that made the second collision possible."[47] However, the court reasoned that ***the mere fact that a second event would not have happened but for the negligent act of an earlier actor "does not make such act the proximate cause of the subsequent injury."***[48] The court explained that "respondents could not reasonably foresee that the manner in which they operated their vehicles ***prior to the first collision*** might lead to the serious injury or deaths of persons not even in the zone of danger ..."[49]

---

[44] *Id.*
[45] See Carolina Southern Accident Report, attached hereto as Exhibit G.
[46] *See* Exhibit F, pg. 2. (Accident occurred at 15:02. Investigating officers arrived at 15:11).
[47] *Id.* at 120.
[48] *Id.* at 121.
[49] *Id.* at 121 (emphasis added).

10

3.16  In the same way, Flores could not reasonably have foreseen ***prior to the First Accident*** that her negligent actions could lead to another accident much later by a driver who was far outside the zone of danger at the time of the First Accident. Like in *Bell*, the First Accident simply created a condition, where Plaintiff was injured by a third party.[50] Such a "but for" chain of events does not amount to proximate causation. [51]

3.17  In summary, *Bell* makes clear that Plaintiff cannot state a claim for liability on the part of Flores under the facts alleged in Plaintiff's Petition. Plaintiff cannot establish that Flores proximately caused the accident made the basis of this lawsuit. Therefore, Plaintiff's cause of action against Defendant Beatriz Flores has no reasonable basis and removal of this matter is proper.

### B. Amount in Controversy

3.18  Removal is additionally appropriate under diversity jurisdiction as the amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiff's First Amended Petition clearly satisfies the amount in controversy requirement as it avers that Plaintiff has suffered monetary damages of over $1,000,000.00.[52]

### IV.  FRCP Rule 38 Jury Demand

4.1  A jury trial is demanded on all issues presented in this case.

---

[50] *Bell* at 122.

[51] *Id.* at 120-121. See also *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991) (driver of truck pulling a flashing arrow sign could not recover from sign manufacturer for injuries received when driver stopped to repair the sign and was struck by an approaching vehicle; the court held "the happenstance of place and time is *too attenuated* from the defendant's conduct for liability to be imposed"); *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex. 1995), *abrogated on other grounds by Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007) ("it is not enough that the harm would not have occurred had the actor not been negligent ... Legal cause is not established if the defendant's conduct or product does no more than furnish the condition that makes the plaintiff's injury possible.").

[52] *See* Exhibit C-2 ¶ XIV.

## V.   REQUIRED DOCUMENTS

5.1   Pursuant to 28 U.S.C § 1446(a) and Rule 81 of the Local Rules of the Eastern District of Texas, Defendants attach hereto copies of all pleadings, process, orders, and other filings in the State Court Action as well as the State Court Action's docket sheet. The pleadings, process, orders, other filings, and docket sheet from the State Court Action are identified in the Index of Matters Being Filed with Removal which appears as Exhibit A.

5.2   Pursuant to Rule 81(6) of the Local Rules of the Eastern District of Texas

## VI.   REQUIRED NOTICE

6.1   Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide notice to all adverse parties and will file a copy of the Notice of Removal with the Jefferson County District Clerk's Office.

## VII.   Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendant, Carolina Southern Trucking, Inc., respectfully requests that the Honorable Court remove this action to the United States District Court for the Eastern District of Texas. Defendant additionally prays for such further relief, at either law or equity, to which it may prove itself justly entitled.

[signature block on next page]

                    Respectfully submitted,

                    Brown Sims

                    /s/Michael D. Williams
                    Michael D. Williams
                    Attorney-in-Charge
                    Texas Bar No. 21564330
                    1177 West Loop South, 10th Floor
                    Houston, Texas 77027-9007
                    (713) 629-1580 (Telephone)
                    (713) 629-5027 (Facsimile)
                    mwilliams@brownsims.com
                    **COUNSEL FOR DEFENDANTS**

**Of Counsel:**
Brown Sims
Christopher M. Frazier
Texas Bar No. 24059017
cfrazier@brownsims.com
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Tel: (713) 629-1580
Fax: (713) 629-5027

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document, was electronically filed with the Court and served in accordance with the Federal Rules of Civil Procedure as well as the Eastern District of Texas' Local Rules via electronic filing as well as facsimile and certified mail, return receipt requested on the 19th day of May 2015.

                    /s/Michael D. Williams
                    Michael D. Williams