FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/26/2015 12:06:30 PM
JAMIE SMITH
DISTRICT CLERK
A-196882

CAUSE NO. 196882

| KAYLA JOHNSON | § | IN THE DISTRICT COURT OF |
| --- | --- | --- |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| CAROLINA SOUTHERN TRUCKING, INC., JAMES PAUL WADDY and BEATRIZ FLORES | § | 58th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, KAYLA JOHNSON, Plaintiff, and files this her Original Petition and would respectfully show unto the Court the following:

### I. DISCOVERY

Plaintiff intends that discovery be conducted under Level III.

### II. PARTIES

Plaintiff, KAYLA BROUSSARD, is a resident of Jefferson County, Texas.

Defendant, CAROLINA SOUTHERN TRUCKING, INC., is a North Carolina corporation, who is required to maintain a registered agent in this state, but who does not maintain a registered agent in Texas. Defendant CAROLINA SOUTHERN TRUCKING, INC., may be served by serving the Secretary of State pursuant to CPRC § 17.044(a). Plaintiff requests that the clerk issue citation and return the same to Plaintiff's counsel for service by private process server. Defendant's home office address is P. O. Box 1342, Hamlet, NC 28345.

Defendant, JAMES PAUL WADDY, is a resident of North Carolina, who may be

*Plaintiff's Original Petition/al - Page 1*


EXHIBIT C-1

served by serving the Chairman of the Texas Transportation Commission, pursuant to Tex. Civ. Prac. & Rem. Code § 17.062. The Chairman is requested to mail a copy of the citation and petition and request for disclosure by certified mail, return receipt requested, to the defendant at 11021 Randleman Rd. 25, Randleman, NC 27317, in accordance with Tex. Civ. Prac. & Rem. Code § 7.063. Plaintiff requests that the clerk issue citation and return the same to Plaintiff's counsel for service by private process server.

Defendant, BEATRIZ FLORES, in an individual, who may be served at her residence address, 22218 Oakhill Gate Drive, Spring, TX 77373. Plaintiff requests that the clerk issue citation for service and forward to Plaintiff's counsel for service by private process server.

III.
## VENUE AND JURISDICTION

Venue is proper in Jefferson County, Texas pursuant to Texas Civil Practice and Remedies Code §15.002(a) in that a substantial part of the acts or omissions occurred in Jefferson County, Texas. Plaintiff would further allege that the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

IV.
## FACTS

On or about February 27, 2015, Plaintiff was traveling east bound 3900 block of IH-10 in Beaumont, Jefferson County, Texas. Defendant, James Paul Waddy, who was operating a 2008 Volvo commercial vehicle, was traveling a short distance between Plaintiff. Plaintiff slowed for congested traffic. Defendant failed to control his speed and struck Plaintiff's vehicle from behind.

Defendant, Beatriz Flores, was traveling northbound ahead of Plaintiff in the 1000 block of IH-10 S. Defendant failed to control her speed, striking the rear of a 2008 Ford F250, causing a backup in traffic. Causing further congestion, the unknown driver of an 18 wheeler sideswiped a 2012 Chevrolet Camaro, causing it to strike a 2011 Honda accord. The driver of the 18-wheeler fled the scene. As a result of the carelessness of the Defendants, Plaintiff suffered serious injuries. At the time of the collision, James Paul Waddy was a statutory employee of Carolina Southern Trucking, Inc., under the Federal Motor Carrier Safety Regulations. As a result of the collision, and the acts and omissions of Defendants, Plaintiff, Kayla Johnson, has sustained serious injuries to her neck, back, head, and body generally.

## V.
## NEGLIGENCE OF JAMES PAUL WADDY

Defendant driver, James Paul Waddy, was acting in the course and scope of his employment with CAROLINA SOUTHERN TRUCKING, INC., at the time of the collision, and the driver's negligence and gross negligence were the proximate cause of the injuries and the damages sustained by Plaintiff. This Defendant's negligence includes, but is not limited to, the following:

1. In failing to control speed;

2. In failing to exercise due care and diligence in the operation of his vehicle;

3. In driving in a negligent and unsafe manner;

4. Driver inattentiveness; and

5. Such other and further acts of negligence as may be supplemented as a

*Plaintiff's Original Petition/al - Page 3*

result of discovery performed in this suit.

Each of the above and foregoing acts of negligence was a proximate cause of the collision made the basis of this suit and Plaintiff's resulting injuries and damages.

## VI.
## NEGLIGENCE PER SE

Plaintiff would show that at the time and on the occasion in question, Defendant, James Paul Waddy, was driving his vehicle in such a fashion as to constitute one or more violations of Article 6701d of the Revised Civil Statutes of the State of Texas and, therefore, Defendant was negligent per se at the time of the collision which caused the injuries to Plaintiff. Plaintiff is of the class that such statutes were designed to protect, and the harm that resulted was of the type these statutes are enacted to prevent.

## VII.
## RESPONDEAT SUPERIOR

At all relevant times, James Paul Waddy was the agent, servant and employee of Defendant, CAROLINA SOUTHERN TRUCKING, INC., and was working within the course and scope of employment with said defendant, and in furtherance of their business. Accordingly, Defendant, CAROLINA SOUTHERN TRUCKING, INC., is liable pursuant to the theory of law known as respondeat superior and pursuant to the laws of agency for the their driver's wrongful acts, omissions, carelessness and neglect, and for the damages sustained by Plaintiff referenced below. Further, at the time of the collision, the Dodge truck was under the legal operation of Defendant, CAROLINA SOUTHERN TRUCKING, INC., and said defendants are liable for the careless and negligent operation of said truck which

was a proximate cause of the collision and damages sustained by the Plaintiff.

## VIII.
## GROSS NEGLIGENCE

Further, Plaintiff would show that the Defendant, James Paul Waddy, was known to be an unsafe driver. Defendant, CAROLINA SOUTHERN TRUCKING, INC.'s decision to allow their agent, servant and employee, to operate a tractor and tank on the highway, given his driving record and the potential for disaster, signifies conscious indifference and gross negligence on the part of Defendant, CAROLINA SOUTHERN TRUCKING, INC.

## IX.
## NEGLIGENT HIRING, AND SUPERVISION

Further, CAROLINA SOUTHERN TRUCKING, INC. was negligent in hiring a driver who they knew, or should have known, was incompetent and unfit. Such negligence was a proximate cause of the Plaintiff's damages.

Further, CAROLINA SOUTHERN TRUCKING, INC. failed to properly supervise and train its driver, and such negligence was a proximate cause of the collision and the Plaintiff's damages.

## X.
## NEGLIGENCE OF BEATRIZ FLORES

Plaintiff would show that Defendant, BEATRIZ FLORES, contributed to the cause of the accident and was negligent in that she failed to control her speed, striking another vehicle, blocking a portion of the interstate, and causing a significant traffic hazard to oncoming motorists which led to Plaintiff's vehicle being struck by Defendant, James Paul

Waddy. Defendant, Beatriz Flores' conduct was a proximate cause of the occurrence in question, and Plaintiff alleges that Defendant Flores is also responsible for plaintiff's damages.

## XI.
## DAMAGES

As a proximate result of the incident made the basis of this suit and Defendants' negligent acts and conduct, Plaintiff bring this suit against Defendants to recover damages for the following items:

1. Past medical bills and expenses incurred as a proximate result of the accident made the basis of this suit;

2. Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident made the basis of this suit;

3. Mental anguish and physical pain and suffering in the past and in the future;

4. Physical impairment in the past and in the future;

5. Lost wages;

6. Lost earning capacity;

7. Pre-judgment and post-judgment interest;

8. Exemplary damages; and

9. Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

Plaintiff asserts that the damages herein are in a sum far in excess of the minimum jurisdictional limits of this Honorable Court.

*Plaintiff's Original Petition/al - Page 6*

## XII.
## EXEMPLARY DAMAGES

The acts and omissions of CAROLINA SOUTHERN TRUCKING, INC., James Paul Waddy and Beatriz Flores referenced above, not only constituted negligence, but gross negligence, wanton and willful misconduct, and conscious indifference for the rights and welfare of Plaintiff, thereby entitling Plaintiff to recover punitive or exemplary damages in such amount as the jury finds to be proper upon trial of this matter.

## XIII.
## PREJUDGMENT INTEREST

Plaintiff asserts a claim for prejudgement interest on all elements of damages that such interest is allowed for, at the highest lawful rate per annum.

## XIV.
## REQUIREMENT UNDER RULE 47 OF THE TEXAS RULES OF CIVIL PROCEDURE

Discovery in this case is in its infancy, and Plaintiff believes it is the sole province of the jury to determine the amount of monetary compensation that is appropriate in this case. However, under the newly established Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff is required to specifically plead the amount of monetary compensation being sought. In an abundance of caution, and with deference to the right of the jury to determine the amount of monetary compensation to be awarded, Plaintiff respectfully pleads for monetary compensation under Rule 47(c), subsection 5 of the Texas Rules of Civil Procedure.

## XV.

Pursuant to Rule 194, Defendants are requested to disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(c), Rule 194.2(e)-(i) and Rule 194.2(k)-(l).

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial they recover from Defendants, jointly and severally, her actual damages, and exemplary or punitive damages prayed for herein, plus prejudgment interest, cost of court, and all other relief to which she may show entitlement.

Respectfully submitted,

CLAY DUGAS & ASSOCIATES

_____
CLAY DUGAS
TBA #06173200
lclay@claydugas.com
805 PARK STREET
BEAUMONT, TX 77701
(409) 813-1111
FAX (409) 813-1396

ATTORNEYS FOR PLAINTIFF

### JURY DEMAND

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

*Plaintiff's Original Petition/al - Page 8*

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/26/2015 12:06:30 PM
JAMIE SMITH
DISTRICT CLERK
A-196882

CAUSE NO. _____

| | | |
|---|---|---|
| KAYLA JOHNSON | § | IN THE DISTRICT COURT OF |
| VS. | § § § | JEFFERSON COUNTY, TEXAS |
| CAROLINA SOUTHERN TRUCKING, INC., JAMES PAUL WADDY and BEATRIZ FLORES | § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

TO: Defendant, CAROLINA SOUTHERN TRUCKING, INC., P. O. Box 1342, Hamlet, NC 28345.

COMES NOW, Plaintiff, KAYLA JOHNSON, and, pursuant to the Texas Rules of Civil Procedure, propounds the following set of interrogatories, requests for production, and requests for admission upon the Defendant, and requests that these interrogatories be answered separately and fully in writing, under oath, and served upon the undersigned attorney within thirty (30) days after service hereof, requests that Defendant produce the requested documents, electronically stored information, or tangible things within fifty (50) days after service of this request, and requests that the Defendant admit or deny the requests for admission within fifty (50) days after service of this request.

These Interrogatories are deemed to be continuing, and defendants are instructed to supplement their answers to Interrogatories in the event that defendants obtain additional or different information prior to trial. If any documents responsive to any request herein are withheld by reason of any assertion of privilege, Defendant is requested to and shall submit a schedule at the time of production stating, for each document withheld, the following information:

  a. The type of document (e.g., letter, memorandum, account statement, prospectus, etc.);

  b. The date the document was prepared and the date of any meeting or conversation reflected or referred to therein;

  c. The name of each author, co-author or preparer of the document and the name of each recipient or addressee, including each recipient of a copy thereof;

  d. If the document reflects or refers to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation;

  e. The subject matter of the information contained in the document;

  f. The nature of the privilege asserted; and

  g. A brief explanation of why such document is believed to be privileged.

Respectfully submitted,

*/s/ Clay Dugas*

CLAY DUGAS
TBA #06173200
lclay@claydugas.com
805 PARK
BEAUMONT, TX 77701
(409)813-1111
FAX: (409)813-1396

**ATTORNEYS FOR PLAINTIFF**

## INTERROGATORIES

1. Identify by name, address, phone number, and employer each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers of these interrogatories.

2. Identify the person(s) at CAROLINA SOUTHERN TRUCKING, INC. most knowledgeable about this suit. Please include this person(s) name, address, and telephone number.

3. Please state the name, address, and telephone number of the person or entity who owns the vehicle involved in the accident made the basis of this suit.

4. Describe the employment relationship between CAROLINA SOUTHERN TRUCKING, INC. and JAMES PAUL WADDY

5. Describe in detail any conversations anyone from Defendant had with any Plaintiff or Plaintiff from the date of the accident up to now.

6. State specifically what you contend caused or contributed to this collision.

7. Do you contend anything other than driver error caused this collision? If so, please state such causes.

8. Was Defendant's vehicle damaged in the accident? If so, describe the damage, state whether it has been repaired, who repaired it, and the cost of the repairs.

9. Do you contend Plaintiff was negligent? If so, please provide the factual basis for your contention.

10. Please state the date that JAMES PAUL WADDY was hired by Defendant.

11. Please describe in detail any background investigations performed with regard to JAMES PAUL WADDY prior to his employment and the results of such investigation.

12. Please state the frequency in which vehicle inspections were performed on the vehicle involved in the collision and state the date of its last inspection.

13. Please list any vehicular accidents you are aware of in which JAMES PAUL WADDY had been involved prior to February 27, 2015, including the names, addresses, and telephone numbers of the other parties to the accidents, and whether any citations were issued to JAMES PAUL WADDY as a result.

14. Please state the name, address, telephone number, and place of employment of the person or persons from whom JAMES PAUL WADDY received his schedule and job assignments for Defendant.

15. Did Defendant provide JAMES PAUL WADDY with a cell phone? If so, please state the cell phone number and service provider for that phone.

16. Describe any training regarding driving assignments, driver safety, and general safety received by JAMES PAUL WADDY throughout his employment given by or offered via Defendant.

17. Please state all locations traveled to by JAMES PAUL WADDY while working for Defendant on February 27, 2015 and the reasons for travel to such locations. Please include a description of the nature of the work performed or intended to be performed at each location.

18. Please describe the minimum safety, experience, and qualification requirements for an officer for Defendant.

19. Did Defendant require any drug/alcohol testing of JAMES PAUL WADDY following the accident made the basis of this suit? If so, state the date, location, and testing facility and the result of such testing.

## REQUESTS FOR PRODUCTION

1. Any and all photographs or videotapes that Defendant has of the scene of the accident made the basis of this suit.

2. Any and all drawings, maps, sketches or diagrams of the scene of the accident made the basis of this suit.

3.   Any and all statements made or given by any individual concerning the facts and circumstances relevant to the incident made the basis of this suit.

4.   Any and all documents, including videotapes, tape recordings, writings, computer generated information, and computer stored information, that supports any matter offered as a defense, either to Plaintiff's claim for liability or damages in suit.

5.   Any and all reports and documents, including investigations memoranda of any kind, taken or prepared by Defendant regarding the accident made the basis of this suit.

6.   Any and all documents which refer, relate, or pertain to any reports of the accident made the basis of this suit, including any prepared by any agent, employee or representative of Defendant.

7.   Any and all notices of the incident made the basis of this suit which Defendant received from any person.

8.   Produce the title to the vehicle owned by Defendant which was involved in the collision made the basis of this suit.

9.   Produce the police report or other report of any governmental agency relating to the collision.

10.  Produce all insurance agreements or policies under which any person or entity engaged in the business of insurance may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including any liability, excess, or umbrella policy covering this Defendant and/or the vehicle involved in the incident made the basis of this lawsuit.

11.  Produce copies of all employment contracts between Defendant and JAMES PAUL WADDY

12.  Produce copies of all vehicle inspection reports from February 27, 2015 to one (1) month prior pertaining to the vehicle involved in the incident made the basis of this lawsuit.

13.  From February 27, 2015 to one month prior, produce copies of all driver logs or any other similarly named log kept by JAMES PAUL WADDY in the course and scope of his employment with Defendant.

14. Produce the invoices or receipts for repairs to Defendant's vehicle involved in the collision.

15. Produce copies of all driver training, driver safety, and employee manuals distributed to JAMES PAUL WADDY and other Defendant drivers within the one (1) year prior to the accident made the basis of this suit.

16. Produce documents acquired as a result of any background investigation performed on JAMES PAUL WADDY prior to his employment with Defendant.

17. Produce a copy of the driving record of JAMES PAUL WADDY

18. Produce a copy of the entire employee file of JAMES PAUL WADDY

19. Produce a copy of any and all drug/alcohol tests that have been performed with regard to JAMES PAUL WADDY in connection to his employment with Defendant.

20. Produce all documents you may attempt to introduce at trial evidencing criminal convictions of any witness or person with knowledge of relevant facts in this cause, including but not limited to Plaintiff and JAMES PAUL WADDY pursuant to Texas Rule of Evidence 609(f).

21. Produce a copy of any and all documents which would reflect the work being performed by JAMES PAUL WADDY on February 27, 2015 for Defendant. Any documents showing appointments, type of work, locations, time of travel, etc. of JAMES PAUL WADDY for this date will be deemed responsive.

22. Produce a copy of any reprimand, punishment, suspension, etc. JAMES PAUL WADDY received as a result of the incident that forms the basis of this lawsuit.

23. Produce a copy of any investigation performed by Defendant as a result of the incident that forms the basis of this lawsuit.

24. Produce a copy of any document reflecting prior wrecks, collisions, accidents, etc. JAMES PAUL WADDY was involved in during the course and scope of her employment with Defendant.

25. Produce copy of any and all documents reflecting information recorded from the event data recorder (EDR) or other similar "black box" device of the vehicle involved in this

accident.

28. Produce a copy of any and all documents reflecting information recorded from the Qualcomm or other similar GPS tracking device of the patrol car involved in this accident.

27. Produce a copy of any and all documents used or relied upon in answering Plaintiff's Interrogatories.

29. Produce a copy of any and all documents referred to or listed in your answers to Plaintiff's Interrogatories.

30. Produce a copy of any and all records and bills obtained by Defendant regarding Plaintiff, either by virtue of an authorization furnished by Plaintiff, subpoena, and/or deposition on written questions.

31. All witness statements.

32. All investigation statements.

33. If you issued a cell phone to JAMES PAUL WADDY, produce a copy of the cellular phone *calling* and *texting* records for that phone for the 24-hour period on the day of the accident. In the alternative, sign and produce the attached authorization for release of cell phone records

34. Any and all videos you have of Plaintiff.

## AUTHORIZATION TO RELEASE CELL PHONE RECORDS

Name:_____ DOB:_____ SSN:_____
Cell Phone Number:_____
Cellular service provider:_____
Address:_____

I authorize the use/disclosure of my cell phone records to Clay Dugas & Associates, 805 Park Street, Beaumont, TX 77701 through the court reporting firm, Discovery Resource, 1511 W. 34TH Houston, TX 77018. This information will be used/disclosed for the purposes of investigating, evaluating, and/or prosecuting a lawsuit. I understand that the information described above may be redisclosed and no longer protected by federal and state privacy regulations.

I understand that I have the right to revoke this authorization in writing at any time by sending written notice of revocation to person(s) authorized above to disclose the information. I understand that my revocation of this authorization will not be effective as to uses and/or disclosures of my account information that the person(s) and/or organization(s) listed above have already made in reference to this authorization. This authorization expires upon the final conclusion of this case.

Signed and dated this ____ day of _____, _____

_____          _____
Signature of Cell Phone Subscriber                                      Attorney for Defendant
(This consent complies with Texas Rule of Evidence 509 and reasonable fees for furnishing the aforesaid records and information are authorized, for which said attorneys shall be legally liable for prompt payment.)